IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LIAM SCHOFIELD, | § | |
| | § | No. 415, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1608024954 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: January 12, 2024
Decided: March 20, 2024

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's denial of the appellant's second motion for postconviction relief. Because the appellant waived his right to a jury trial and chose to plead guilty, he cannot avail himself of the new-and-retroactive-rule-of-constitutional-law exception to Superior Court Criminal Rule 61's procedural bars.[1] In any event, the United States Supreme Court's holding

---

[1] *See* Del. Super. Ct. Crim. R. 61(d)(2)(ii) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid"). To the extent that the appellant argues for the first time on appeal that his guilty plea was coerced, his claim is belied by record: "[i]n the absence of clear and convincing evidence to the contrary, [the appellant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony

in *New York State Rifle & Pistol Association, Inc. v. Bruen*[2] did not create a new, retroactively applicable rule of constitutional law requiring the vacatur of the appellant's convictions for carrying a concealed deadly weapon and possession of a weapon in a school zone.[3]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

---

[before the court's] acceptance of the guilty plea." *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[2] 597 U.S. 1, 71 (2022) (holding that New York's requirement that an applicant for an unrestricted license to carry a handgun in public must prove that a "proper cause" exists to issue it violates the Fourteenth Amendment of the United States Constitution).

[3] *See id.* at 13 & n. 1 (distinguishing states that require a permit to carry a handgun in public "without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability" and noting that although Delaware's license-to-carry statute contains discretionary criteria, it operates like a "shall-issue" jurisdiction in practice); *id.* at 80 (Kavanaugh, J., concurring) ("Going forward, therefore, the [states] that employ objective shall-issue licensing regimes for carrying handguns for self-defense may continue to do so."); *id.* at 81 (Kavanaugh, J., concurring) (noting that the majority opinion should not be read as casting doubt on laws forbidding the carrying of firearms in sensitive places like schools and government buildings).